■ JOHN J. POSNER, Respondent, v. HENRY K. MORGENSTERN, Appellant.— Order [6375], entered on May 17, 1963, granting plaintiff's motion to examine Florence Bergere before trial as a witness, unanimously reversed, on the law and in the exercise of discretion, with $10 costs and disbursements to the appellant, and the motion denied. Examinations before trial of witnesses are permitted "when it is established that they are hostile ⁂ ⁂ ⁂ or where the witness has special or exclusive knowledge of the facts in issue" (*Southbridge Finishing Co.* v. *Golding*, 2 A D 2d 430, 435). The plaintiff has failed to make a sufficient showing that, in the peculiar circumstances of this case, the witness — albeit she is defendant's mother — will be hostile to the plaintiff at the trial. Nor is there any support for the plaintiff's conclusion that the witness has "special or exclusive knowledge of the facts in issue." To the contrary — and as evidenced by the bills of particulars (made part of the record on this motion by the decision on Appeal No. 6376) — in an action of this type where an attorney seeks a recovery for services rendered such "knowledge" must of necessity be with him. Order [6376], entered on June 17, 1963, denying reargument and vacatur of the order of May 17, 1963 directing the examination before trial of Florence Bergere as a witness, unanimously modified on the law and in the exercise of discretion, with $10 costs and disbursements to the appellant, to the extent of amending the record on which said order of May 17, 1963 was based so as to include therein the bill of particulars and the further bill of particulars. The appeal from the balance of the order is dismissed as being rendered academic by our decision on Appeal No. 6375. The original motion having been made on "all the pleadings and proceedings ⁂ ⁂ ⁂ had", the bill of particulars and the further bill of particulars should have been before Special Term. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.